**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KEYMARK CORPORATION OF**
**FLORIDA, INC.,**
            **Plaintiff,**

-vs-                                      **Case No. 6:07-cv-963-Orl-18KRS**

**EMPIRE FIRE AND MARINE**
**INSURANCE COMPANY,**
            **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S, KEYMARK CORPORATION OF FLORIDA INC., MOTION FOR ATTORNEY'S FEES AND COSTS (Doc. No. 29)** |
| **FILED:** | **August 5, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Keymark Corporation of Florida, Inc. ("Keymark") sued Empire Fire and Marine Insurance Company ("Empire") for declaratory relief to establish rights under a contract of insurance and to determine Empire's obligations to Keymark. Doc. No. 2. The complaint included a request for award of attorney's fees pursuant to section 627.428 of the Florida Statutes. *Id*. The Court granted Keymark's motion for summary judgment and judgment in favor of Keymark was entered on July 29, 2008. Doc. Nos. 27, 28.

Presently before the Court is Keymark's motion for attorney's fees and costs pursuant to section 627.428. The motion is supported by the Affidavit of Wayne Tosko, Esq. Doc. No. 29-2. Empire has not responded to the motion and the time for doing so has expired. Therefore, the motion should be treated as unopposed. Case Management and Scheduling Order, Doc. No. 15 at 5 ("Where no memorandum in opposition has been filed, the Court routinely grants the motion as unopposed.").

Section 627.428 provides in relevant part:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court . . . shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had

A federal district court may award attorney's fees pursuant to section 627.428. *See All Underwriters v. Weisberg*, 222 F.3d 1309, 1315 (11th Cir. 2000). An insured who succeeds in a declaratory judgment action is entitled to attorney's fees. *See Continental Cas. Co. v. Giller Concrete Co.,* 116 F.2d 431, 433 (5th Cir. 1940)(awarding fees pursuant to predecessor statute).

Tosko avers that he has spent 26.5 hours on the case. Although Tosko does not attach itemized billing statements to his affidavit, a review of the docket and the filings submitted reflects that the number of hours was reasonable. Tosko requests an hourly rate of $115.00 per hour. Tosko avers that he has more than 20 years experience in insurance coverage issues. I find that Tosko's hourly rate is reasonable. In the absence of any objection, the Court should award Keymark attorney's fees in the amount of $3,047.50.

Keymark also requests the following costs: $250.00 for the filing fee, and $70.00 for service of process. Doc. No. 29-2 ¶ 5. These costs are taxable pursuant to 28 U.S.C. § 1920.

It is **RECOMMENDED** that the Court **GRANT** Plaintiff Keymark Corporation of Florida, Inc.'s Motion for Attorney's Fees and Costs, doc. no. 29, and award Keymark $3,047.50 in attorney's fees and $320.00 in costs.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 21, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy